J-S40045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY E. FIELDER | : | |
| | : | |
| Appellant | : | No. 3760 EDA 2016 |

Appeal from the PCRA Order November 7, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0416961-1990

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 13, 2018**

Anthony E. Fielder appeals from the order of the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Counsel has filed a petition to withdraw and an "***Anders***" brief.[1]  Upon review, we affirm the PCRA court's order and grant counsel's motion to withdraw.

On January 18, 1991, Fielder was convicted of first-degree murder and related offenses stemming from an incident in which he shot the victim after

---

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), apparently in the mistaken belief that an ***Anders*** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief.  A ***Turner***/***Finley*** "no-merit" letter, however, is the appropriate filing in the context of PCRA proceedings.  ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc ).  Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter. ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

---

\*   Retired Senior Judge assigned to the Superior Court.

an altercation outside of a bar in Philadelphia. This Court previously summarized the facts of the case as follows:

> On Saturday, September 23, 1989[,] at about 5:00 p.m.[,] the victim, Jack Fauntleroy, was having an argument outside Skip's Bar at 52nd and Market Street [in Philadelphia] with a man named Stefan. Stefan then went into the bar and came out with Anthony Fielder[,] who began arguing with the victim. After a few minutes[,] Alfonso Goldsmith, a friend of the [decedent], intervened on behalf of [the decedent] and began to argue with [Fielder]. The argument came to blows and when Goldsmith began to get the better of it[, Fielder] left and went back into Skip's Bar. A few minutes later[, Fielder] emerged from the bar with a .38 caliber handgun and fired it at the fleeing victim[,] hitting him in [sic] once in the leg and once in the back[,] causing his death.

*Commonwealth v. Fielder*, 1487 Philadelphia 1998, at 1 (Pa. Super. filed 6/10/99) (unpublished memorandum decision), quoting Trial Court Opinion, 7/1/91, at 1.

Fielder was sentenced on May 30, 1991, to a term of life imprisonment without the possibility of parole. This Court affirmed his judgment of sentence on July 20, 1992 and, on January 27, 1993, our Supreme Court denied allowance of appeal.

Fielder filed his first PCRA petition on January 14, 1997; the petition was denied and the trial court's order was affirmed by this Court. Fielder did not seek allowance of appeal. On August 29, 2012, Fielder filed the instant PCRA petition, his second, alleging that Latonia Shawver, one of two eyewitnesses who testified at his trial, had recanted her testimony. The PCRA court held a hearing on November 7, 2016, at which time Shawver testified. The PCRA

court, having determined Shawver's recantation to be "dubious," dismissed Fielder's petition that same day.

This timely appeal follows, in which counsel seeks to withdraw his representation of Fielder.

In order to withdraw as counsel on appeal from the dismissal of a PCRA petition, counsel must undertake an independent review of the record to ascertain that there are no meritorious issues to be raised. **See Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009). Such independent review requires proof of: (1) a "no-merit" letter prepared by counsel detailing the nature and extent of his review and listing each issue the petitioner wished to have reviewed; (2) an explanation by counsel, in the "no-merit" letter, of why the petitioner's issues were meritless; (3) an independent review of the record by the PCRA court; and (4) a finding by the PCRA court that the petition was meritless. **See id.** at 876 n.1. In addition, PCRA counsel must contemporaneously serve on the petitioner a copy of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel. **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006).

Here, counsel has substantially complied with the procedural requirements for withdrawal. We now turn to an independent review of Fielder's PCRA Petition to ascertain whether his claim is, in fact, frivolous.

Fielder raises the following issue on appeal: "Whether the after-discovered evidence, an eyewitness that testified at trial, recanting testimony 25 years later, at an evidentiary hearing, was without any legal merit." *Anders* Brief, at 4.

We review an order dismissing a petition under the PCRA by examining whether PCRA court's determination is supported by the evidence of record and is free of legal error. *See Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.*

Although neither the parties nor the court address the matter of the timeliness of Fielder's petition, because the timeliness of a PCRA petition is jurisdictional, we must do so before reviewing the merits of his substantive claim. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to

- 4 -

the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii).[2] A PCRA petition invoking one of these statutory exceptions must be filed within sixty days of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Here, Fielder's judgment of sentence became final on or about April 27, 1993, upon the expiration of the ninety-day period for filing a writ of certiorari with the U.S. Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup.Ct.R. 13. Thus, his August 2012 petition, filed more than 19 years after his judgment of sentence became final, was patently untimely. Unless Fielder pled and proved one of the timeliness exceptions under 42 Pa.C.S.A. § 9545(b)(1), the PCRA court was without jurisdiction to consider the merits of the petition.

In order to circumvent the statutory time bar, Fielder invokes the newly-discovered fact exception under section 9545(b)(1)(ii). Fielder presents the

---

[2] The statutory exceptions to the time bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).

affidavit given by trial witness Latonia Shawver to a private investigator that contradicted her trial testimony. Specifically, at trial, Shawver testified that she had seen Fielder shoot Fauntleroy. She further testified that she had then seen the shooter run up 52nd Street with a gun in his hand, run into a delicatessen, come back out of the delicatessen a short time later, and continue running out of her sight. In her 2012 statement, however, Shawver averred that Fielder was not the person she saw with the gun who ran into the delicatessen. She stated that she had been pressured by police to identify Fielder as the shooter.

> The timeliness exception set forth in [s]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1271 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, [] 781 A .2d 94, 98 ([Pa.] 2001); ***Commonwealth v. Yarris***, [] 731 A.2d 581, 590 ([Pa.] 1999). This rule is strictly enforced. ***See*** [***Commonwealth v. Vega***, 754 A.2d 714, 718 (Pa. Super. 2000)].

***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010).

> The sixty (60) day time limit related to [s]ection 9545(b)(2) runs from the date the petitioner first learned of the alleged after-discovered facts. ***Commonwealth v. Albrecht***, [] 994 A.2d 1091 ([Pa.] 2010). A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter. ***Id.*** (holding petitioner failed to demonstrate his PCRA petition was timely where he did not explain when he first learned of facts underlying his PCRA petition)[]. "A petitioner fails to satisfy the 60–day requirement of [s]ection 9545(b) if he . . . fails to explain why, with the

- 6 -

exercise of due diligence, the claim could not have been filed earlier." ***Commonwealth v. Marshall***, [] 947 A.2d 714, 720 ([Pa.] 2008)[]. All of the time limits set forth in the PCRA are jurisdictional and must be strictly construed. ***Commonwealth v. Fahy***, [] 959 A.2d 312, 315 ([Pa.] 2008).

***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011).

This Court recently clarified a petitioner's burden under section 9545(b)(1)(ii) as follows:

The timeliness exception set forth at [s]ection 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, *as an initial jurisdictional threshold*, [s]ection 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. *Once jurisdiction is established*, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) [those facts] could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus, the "new facts" exception at [s]ection 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176–77 (Pa. Super. 2015) (some internal citations, quotation marks and punctuation omitted) (emphasis added).

In his PCRA petition, Fielder asserted that at the end of June 2012, Latonia Shawver contacted his sister, Teresa, by telephone and stated that she had "important information" about Fielder's case. Shawver did not divulge to Teresa what the information was. Teresa took Shawver's phone number and informed her she would have an attorney contact her. Fielder subsequently retained Teri B. Himebaugh, Esquire, who contacted Shawver by telephone. Shawver told Attorney Himebaugh that she was now living in Detroit and had important information about Fielder's case. Again, she did not specify the nature of the information she possessed, but she indicated to Attorney Himebaugh that she would speak to an investigator. Attorney Himebaugh retained Wayne Bullen, a private investigator in Michigan, who took Shawver's taped statement, as well as a sworn affidavit, on August 23, 2012.

Our review of the record leads us to the conclusion that Shawver's affidavit satisfies the jurisdictional threshold for the newly-discovered facts exception contained in section 9545(b)(1)(ii). Fielder could not have known at the time of his trial that Shawver was not testifying truthfully, or that Shawver believed she had been pressured into identifying Fielder as the shooter. Nor would Fielder have had any reason to know or believe, in the time between his trial and the date Shawver gave her affidavit, that she had

recanted her testimony. Fielder did not know Shawver personally and she had long ago moved out of state. Thus, the first date that Fielder, exercising due diligence, could have known of Shawver's recantation was the date she spoke with the investigator and executed her affidavit, August 23, 2012. Fielder filed his PCRA petition on August 29, 2012, well within the 60-day period required under section 9546(b)(2). Accordingly, the PCRA court possessed jurisdiction to consider the merits of Fielder's claim. We now turn to our own independent review of that claim, as required by **Turner**/**Finley**.

Fielder asserts that he is entitled to a new trial based on Shawver's recantation. Fielder claims that, without Shawver's identification testimony, the sole Commonwealth evidence implicating him in the shooting is the testimony of a biased witness, Antonio Goldsmith. Fielder asserts that, in light of Shawver's recantation, a reasonable jury could not possibly find him guilty. For the following reasons, Fielder's claim is meritless.

> When seeking a new trial based on alleged after-discovered evidence in the form of recantation testimony, the petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Johnson**, 966 A.2d 523, 541 (Pa. 2009) (citations omitted). Here, Fielder is unable to establish that the after-discovered evidence, in the form of Shawver's alleged recantation, would likely compel a different verdict.

As a general matter, recantation evidence "is notoriously unreliable, particularly where the witness claims to have committed perjury." *Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004). This generalization is borne out by Shawver's testimony at the PCRA hearing in this matter. Although Shawver initially testified that she had lied when she identified Fielder as the person who ran into the delicatessen with the gun, by the conclusion of cross-examination, Shawver had again changed her story and conceded that Fielder was the individual she had seen.

> Q: You spoke the truth [at trial], you saw that defendant [Fielder] kill Jack Fauntleroy, that's the truth?
>
> A: I saw him leave the scene. I didn't see him pull the trigger. I didn't see an actual shooting. I saw him with a handgun.
>
> . . .
>
> Q: Let's look at more [trial testimony]. Page 98, third question from the bottom:
>
> QUESTION: "Could you tell where the gun was pointed at when the defendant shot?"
>
> ANSWER: "Yes."
>
> QUESTION: "Where was it pointed at?"
>
> ANSWER: "In his back. It looked like his lower back."
>
> QUESTION: "How many shots did you see the defendant firing?"
>
> ANSWER: "Two."
>
> That was your testimony, was it not, ma'am?
>
> A: Yes.
>
> Q: That was the truth?

A: Yep.

Q: You saw the defendant fire two shots into Jack Fauntleroy, true?

A: Yes, sir.

Q: So all the testimony this morning was a lie?

A: Now that I'm recalling and this document, all this stuff is coming back to me that we are sitting here and going over this. It's been 30 years.

. . .

Q: He is the one – the defendant is the one that killed Jack Fauntleroy; true?

A: He looks like the individual I saw that day. He has the description of it, yes, with the goatee.

. . .

Q: You're still [sic] on the fact that back then you absolutely, positively, without a doubt, knew this defendant[,] who looks somewhat different[,] was the person who you saw shoot Jack Fauntleroy in the back?

A: Yes, sir.

N.T. PCRA Hearing, 11/7/16, at 130, 133-34, 135, 136.

In light of the foregoing, Fielder has failed to demonstrate that Shawver's testimony would compel a different result were he to be granted a new trial. **Johnson**, **supra**. Indeed, her testimony would support a finding of guilt. Accordingly, the PCRA court did not err or abuse its discretion in denying Fielder relief.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/18